UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

AZAEL DYTHIAN PERALES,            )
                                  )
        Plaintiff,                )
                                  )
        v.                        )
                                  )   C.A. No. 17-11509-PBS
CITY AND COUNTY OF SAN            )
FRANCISCO SHERIFF'S DEPARTMENT,   )
et al.,                           )
                                  )
        Defendants.               )

## **MEMORANDUM AND ORDER**

**December 26, 2017**

Saris, C.J.

For the reasons stated below, the Court dismisses this action.

I.  **Background**

Pro se litigant Azael Dythian Perales, who provides a California mailing address and states that he is homeless, has filed a 177-page document that was docketed as a single complaint. He names over 250 defendants, most of whom he identifies as being employees or departments of the State of California, San Francisco County, Los Angeles County, and Orange County. Perales claims that the defendants are guilty of espionage, computer and bank fraud crimes, RICO crimes, and other misconduct.

Perales seeks leave to proceed in forma pauperis.

**II. Discussion**

Where a litigant moves to proceed without prepayment of the filing fee, the Court conducts a preliminary review of the complaint and may dismiss if it is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  "The term 'frivolous' is used to denote not only a claim wholly lacking in merit but also a suit that, for whatever reason, clearly can't be maintained."  Okoro v. Bohman, 164 F.3d 1059, 1063 (7th Cir. 1999).

Here, Perales's complaint cannot be maintained and is therefore frivolous because it does not meet the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, the Court is without personal jurisdiction over the defendants, and venue is improper.

Rule 8(a) requires a complaint to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)).  Rule 8(a) requires a party to make his pleading

> straightforward, so that judges and adverse parties
> need not try to fish a gold coin from a bucket of mud.
> Federal judges have better things to do, and the
> substantial subsidy of litigation (court costs do not
> begin to cover the expense of the judiciary) should be
> targeted on those litigants who take the preliminary
> steps to assemble a comprehensible claim.

United States ex rel. Garst v. Lockheed-Martin Corp. 328 F.3d 374, 378 (7th Cir. 2003). Thus, at a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)). Here, Perales's complaint is lengthy and incomprehensible rather than short and plain.

Further, the Court is without personal jurisdiction over the defendants. "[T]o hear a case, a court must have personal jurisdiction over the parties, 'that is, the power to require the parties to obey its decrees.'" Hannon v. Beard, 524 F.3d 275, 279 (1st Cir. 2008) (quoting Daynard v. Ness, Motley, Lodaholt, Richardson, & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002)). The due process clause of the United States Constitution "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." Cossaboon v. Maine Medical Ctr., 600 F.3d 25, 32 (1st Cir. 2010) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 642-472-72

3

(1985)) (internal quotation marks omitted). Therefore, "a court is precluded from asserting jurisdiction unless 'the defendant's conduct and connection with the forum State are such that [it] should reasonably anticipate being haled into court there.'" Id. (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)) (alteration in original). Perales has not pled any facts from which the Court can reasonably infer that the defendants, who are indentified as California residents, have meaningful contacts with Massachusetts that would permit the Court to exercise personal jurisdiction over them.

Finally, the action cannot be maintained in this Court because venue is not proper in the District of Massachusetts. See 28 U.S.C. § 1391.

**III. Conclusion**

Accordingly:

1. The motion for leave to proceed in forma pauperis is ALLOWED.

2. This action is DISMISSED as frivolous.

3. The motion to admit new related cases is DENIED.

SO ORDERED.

                              /s/ Patti B. Saris\_\_\_\_\_
                              PATTI B. SARIS
                              CHIEF, U.S. DISTRICT JUDGE